| | |
|---|---|
| DISTRICT COURT, CITY AND COUNTY OF DENVER, STATE OF COLORADO<br><br>1437 Bannock Street<br>Denver, Colorado 80202 | |
| **Plaintiff:**<br>M. GABRIEL MCFARLAND<br>v.<br>**Defendants:**<br>TRANS UNION, EQUIFAX, AND EXPERIAN, INC. | ▲ COURT USE ONLY ▲<br><br>Case No.: _____<br><br>Division: _____ |
| Attorneys for Plaintiff:<br><br>M. Gabriel McFarland, No. 26167<br>**EVANS & MCFARLAND, LLC**<br>910 13th Street, Suite 200<br>tel (303) 313-1123<br>fax (303) 277-1620<br>e-mail: gmcfarland@emlawyers.com | |
| **DISTRICT COURT CIVIL (CV) CASE COVER SHEET FOR INITIAL PLEADING OF COMPLAINT** ||

Plaintiff M. Gabriel McFarland respectfully submits this Civil Cover Sheet pursuant to Rule 16.1:

1. This cover sheet shall be filed with the initial pleading of a complaint, counterclaim, cross-claim or third party complaint in every district court civil (CV) case. It shall not be filed in Domestic Relations (DR), Probate (PR), Water (CW), Juvenile (JA, JR, JD, JV), or Mental Health (MH) cases.

2. Check the boxes applicable to this case.

    ☒ Simplified Procedure under C.R.C.P. 16.1 applies to this case because this party does not seek a monetary judgment in excess of $100,000.00 against another party, including any attorney fees, penalties or punitive damages but excluding interest and costs and because this case is not a class action or forcible entry and detainer, Rule 106, Rule 120, or other expedited proceeding.

    ☐ Simplified Procedure under C.R.C.P. 16.1, does not apply to this case because (check one box below identifying why 16.1 does not apply):

        ☐ This is a class action or forcible entry and detainer, Rule 106, Rule



120, or other similar expedited proceeding, or

☐ This party is seeking a monetary judgment for more than $100,000.00 against another party, including any attorney fees, penalties or punitive damages, but excluding interest and costs (see C.R.C.P. 16.1(c)), or

☐ Another party has previously stated in its cover sheet that C.R.C.P. 16.1 does not apply to this case, or

☐ This Application does not seek damages.

3. ☐ This party makes a Jury Demand at this time and pays the requisite fee. See C.R.C.P. 38. (Checking this box is optional.)

Respectfully submitted this 25th day of July, 2011.

         **EVANS & MCFARLAND, LLC**

         *The original signature is on file at Evans & McFarland, LLC*

    By: /s/ M. Gabriel McFarland
       M. Gabriel McFarland

| | |
|---|---|
| DISTRICT COURT, CITY AND COUNTY OF DENVER, STATE OF COLORADO<br><br>1437 Bannock Street<br>Denver, Colorado 80202 | ▲ COURT USE ONLY ▲ |
| **Plaintiff:**<br><br>M. GABRIEL MCFARLAND<br><br>v.<br><br>**Defendants:**<br><br>TRANS UNION, EQUIFAX, AND EXPERIAN, INC. | Case No.: _____<br><br>Division: _____ |
| Attorneys for Plaintiff:<br><br>M. Gabriel McFarland, No. 26167<br>**EVANS & MCFARLAND, LLC**<br>910 13th Street, Suite 200<br>tel (303) 313-1123<br>fax (303) 277-1620<br>e-mail: gmcfarland@emlawyers.com | |
| **COMPLAINT** ||

Plaintiff M. Gabriel McFarland ("McFarland") complains against Trans Union, Equifax, and Experian, Inc. ("Defendants") as follows:

## PARTIES, JURISDICTION, AND VENUE

1. McFarland is an individual residing in the State of Colorado.

2. Trans Union is a credit reporting agency incorporated in Delaware, with its principal place of business located in Chicago, Illinois.

3. Equifax is a credit reporting agency incorporated in Georgia, with its principal place of business located in Atlanta, Georgia.

4. Experian, Inc., is a credit reporting agency incorporated in Ohio, with its principal place of business located in Costa Mesa, California.

5. Venue is proper in this Court pursuant to C.R.C.P. 98(c).

## GENERAL ALLEGATIONS

6. In or about February 2010, Compass Bank erroneously reported McFarland as delinquent on a home equity line of credit, account no. xxxxxxxxxxxx7721.

7. Shortly thereafter, McFarland attempted to dispute the negative credit reference. Defendants' systems, however, would not permit McFarland from disputing the negative credit reference electronically or over the phone. Defendants failed to properly investigate and otherwise ignored McFarland's written attempts to dispute the negative credit reference. Defendants' systems would not permit McFarland to follow-up on his written request electronically or over the phone.

8. On or about December 3, 2010, Compass Bank electronically informed Defendants that the home equity line of credit had been closed with "no payment delinquencies." On that same day, Compass Bank sent McFarland a letter to that same effect.

9. On December 22, 2010, McFarland sent Compass Bank's December 3, 2010 letter to Defendants. Among other things, McFarland's letter demanded that Defendants remove any negative credit references from McFarland's credit report.

10. Defendants ignored Compass Bank's December 3, 2010 electronic request to remove any payment delinquencies associated with McFarland's home equity line of credit.

11. Defendants ignored McFarland's December 22, 2010 letter requesting the removal of any payment delinquencies associated with McFarland's home equity line of credit.

12. Remarkably, on January 5, 2011, Equifax sent a letter to McFarland, contending that it reinvestigated the negative credit reference, that additional information had been provided by Compass Bank, and that in fact the account was delinquent. It also represented that Compass Bank verified that the account had not been closed. Equifax either failed to conduct a reasonable investigation or purposely and maliciously misrepresented the information it obtained from Compass Bank.

13. Remarkably, on January 6, 2011, Experian sent McFarland a letter, contending that it could not "honor" McFarland's request to remove the negative credit reference because McFarland did not provide sufficient "identification information for us to verify your identity." Experian of course received the same "identification information" Equifax used to identify McFarland. Moreover, the letter directed McFarland to visit Experian's website for "secure and immediate online access." Again, however, Experian's system would not allow McFarland access.

14. In or about June 2011, McFarland sought to finance a home in Encinitas, California. On July 7, 2011, credit information on McFarland was requested from Defendants.

15. Defendants reported that McFarland's home equity line of credit was delinquent and lowered its credit score for McFarland.

16. As a result, McFarland suffered damages in an amount to be proven at trial.

## FIRST CLAIM FOR RELIEF
(Violation of the Fair Credit Reporting Act)

17. By this reference, McFarland incorporates the foregoing allegations as if set forth fully herein.

18. In violation of the Fair Credit Reporting Action, and other laws, Defendants failed to conduct a reasonable investigation into the negative credit reference reported by Compass Bank, failed to list the negative credit reference as disputed, and failed and refused to remove the negative credit reference even after being advised by McFarland and Compass Bank that the negative reference was erroneous and should be removed.

19. As a result, McFarland suffered damages in an amount to be proven at trial.

## SECOND CLAIM FOR RELIEF
(Violation of the Colorado Consumer Protection Act)

20. By this reference, McFarland incorporates the foregoing allegations as if set forth fully herein.

21. Defendants' conduct violates the Colorado Consumer Protection Act, including and without limitation, C.R.S. §§6-1-105(b), (c) and (h).

22. As a result, McFarland suffered damages in an amount to be proved at trial.

23. Defendants' conduct (i.e., failing to investigate, failing to conduct reasonable investigations, ignoring requests to correct information, and including erroneous information in credit reports) also significantly impacts the public as actual or potential consumers of Defendants' goods, services, or products.

WHEREFORE, McFarland requests compensatory damages as appropriate; costs, attorney fees as permitted by law; an injunction (enjoining Defendants from including the any negative credit reference associated with McFarland's home equity line of credit on any consumer credit report); and for such other and further relief as this Court deems appropriate.

Respectfully submitted this 25th day of July, 2011.

EVANS & MCFARLAND, LLC

*The original signature is on file at Evans & McFarland, LLC*

By: /s/ M. Gabriel McFarland
M. Gabriel McFarland

**Plaintiffs' Addresses:**

6465 W. Long Dr.
Littleton, CO 80123

3

| DISTRICT COURT, CITY AND COUNTY OF DENVER, STATE OF COLORADO<br><br>1437 Bannock Street<br>Denver, Colorado 80202 | ▲ COURT USE ONLY ▲ |
|---|---|
| **Plaintiff:**<br><br>M. GABRIEL MCFARLAND<br><br>v.<br><br>**Defendants:**<br><br>TRANS UNION, EQUIFAX, AND EXPERIAN, INC. | Case No.: _____<br><br>Division: _____ |
| Attorneys for Plaintiff:<br><br>M. Gabriel McFarland, No. 26167<br>**EVANS & MCFARLAND, LLC**<br>910 13th Street, Suite 200<br>tel (303) 313-1123<br>fax (303) 277-1620<br>e-mail: gmcfarland@emlawyers.com | |
| **SUMMONS** ||

**To the Defendant named above:**

Trans Union Corporation, d/b/a Trans Union
c/o United States Corporation Company
1560 Broadway, Suite 2090
Denver, CO 80202

You are hereby summoned and required to file with the clerk of this court an answer or other response to the attached complaint within 30 days after such service upon you.

If you fail to file your answer or other response to the complaint in writing within the applicable time period, judgment by default may be entered against you by the court for the relief demanded in the complaint, without any further notice.

| | |
|---|---|
| DISTRICT COURT, CITY AND COUNTY OF DENVER, STATE OF COLORADO<br><br>1437 Bannock Street<br>Denver, Colorado 80202 | |
| **Plaintiff:**<br><br>M. GABRIEL MCFARLAND<br><br>v.<br><br>**Defendants:**<br><br>TRANS UNION, EQUIFAX, AND EXPERIAN, INC. | ▲ COURT USE ONLY ▲<br><br>_____<br><br>Case No.: _____<br><br>Division: _____ |
| Attorneys for Plaintiff:<br><br>   M. Gabriel McFarland, No. 26167<br>   EVANS & MCFARLAND, LLC<br>   910 13th Street, Suite 200<br>   tel (303) 313-1123<br>   fax (303) 277-1620<br>   e-mail: gmcfarland@emlawyers.com | |
| **SUMMONS** | |

**To the Defendant named above:**

     Experian Information Solutions, Inc., d/b/a Experian, Inc.
     c/o The Corporation Company
     1675 Broadway, Suite 1200
     Denver, CO 80202

     You are hereby summoned and required to file with the clerk of this court an answer or other response to the attached complaint within 30 days after such service upon you.

     If you fail to file your answer or other response to the complaint in writing within the applicable time period, judgment by default may be entered against you by the court for the relief demanded in the complaint, without any further notice.

The following documents are served with this summons: Complaint and District Court Civil Cover Sheet.

Respectfully submitted this 25th day of July, 2011.

                                                                                     **EVANS & MCFARLAND, LLC**

*The original signature is on file at Evans & McFarland, LLC*

By:   /s/ M. Gabriel McFarland
       M. Gabriel McFarland

00030184.DOC;1

| DISTRICT COURT, CITY AND COUNTY OF DENVER, STATE OF COLORADO<br><br>1437 Bannock Street<br>Denver, Colorado 80202 | ▲ COURT USE ONLY ▲ |
|---|---|
| **Plaintiff:**<br><br>M. GABRIEL MCFARLAND<br><br>v.<br><br>**Defendants:**<br><br>TRANS UNION, EQUIFAX, AND EXPERIAN, INC. | Case No.: _____<br><br>Division: _____ |
| Attorneys for Plaintiff:<br><br>  M. Gabriel McFarland, No. 26167<br>  EVANS & MCFARLAND, LLC<br>  910 13th Street, Suite 200<br>  tel (303) 313-1123<br>  fax (303) 277-1620<br>  e-mail: gmcfarland@emlawyers.com | |
| **SUMMONS** | |

**To the Defendant named above:**

**Equifax Information Services, LLC, d/b/a Equifax**
**c/o Corporation Service Company**
**1560 Broadway, Suite 2090**
**Denver, CO  80202**

You are hereby summoned and required to file with the clerk of this court an answer or other response to the attached complaint within 30 days after such service upon you.

If you fail to file your answer or other response to the complaint in writing within the applicable time period, judgment by default may be entered against you by the court for the relief demanded in the complaint, without any further notice.

The following documents are served with this summons: Complaint and District Court Civil Cover Sheet.

Respectfully submitted this 25th day of July, 2011.

            EVANS & MCFARLAND, LLC

*The original signature is on file at Evans & McFarland, LLC*

By:   /s/ M. Gabriel McFarland
      M. Gabriel McFarland

00030186.DOC;1

# AFFIDAVIT OF SERVICE

| **County:** Denver, CO | **Court:** District | **Case #:** 11CV5236 | **Reference #:** |
|---|---|---|---|
| **Plaintiff(s):** Gabe McFarland | | **Defendant(s):** TransUnion Corporation, Equifax Information Services, Experian Information Soulations, Inc | |
| **Received by:** Metro Intelligence Agency | | **For:** Evans & McFarland | |
| **To be served upon:** Corporation Service Company | | | |

EFILED Document
CO Denver County District Court 2nd JD
Filing Date: Jul 28 2011 9:23AM MDT
Filing ID: 38856170
Review Clerk: Imran Sufi

I, James Allbee, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein:

**Recipient Name & Address:** Corporation Service Company 1560 Broadway 2090 Denver, CO 80202

**Manner of Service:** Registered Agent on Tue, Jul 26 2011 at 10:35AM

**Documents:** Civil Cover Sheet, Complaint, Summons

**Additional Comments:**
Successful Attempt 1 Jul 26, 2011 10:35 AM at 1560 Broadway 2090 Denver, CO 80202 received by Corporation Service Company described as "Registered Agent for Equifax Information Services, LLC"

Subscribed and sworn to before me by the affiant who is personally known to me.

X _Frank R. Bianco_
Notary Public

7-26-2011        10-23-2013
Date             Commission Expires

X _James Allbee_    7-26-2011
James Allbee        Date

Metro Intelligence Agency
PO Box 621312
Littleton, CO 80162-1312
(720) 318-1503

[Notary Seal: FRANK R. BIANCO NOTARY PUBLIC STATE OF COLORADO]

Job 30382

This document was generated by ServeManager™, a ServeNow.com® Software Solution
Copyright 2008 ServeNow.com All Rights Reserved

ServeManager

# AFFIDAVIT OF SERVICE

| **County:** Denver, CO | **Court:** District | **Case #:** 11CV5236 | **Reference #:** |
|---|---|---|---|
| **Plaintiff(s):** Gabe McFarland | | **Defendant(s):** TransUnion Corporation, Equifax Information Services, Experian Information Solutions, Inc | |
| **Received by:** Metro Intelligence Agency | | **For:** Evans & McFarland | |
| **To be served upon:** The Corporation Company | | | |

I, James Allbee, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein:

**Recipient Name & Address:** The Corporation Company 1675 Broadway 1200 Denver, CO 80202

**Manner of Service:** Registered Agent on Tue, Jul 26 2011 at 10:20AM

**Documents:** Civil Cover Sheet, Compalint, Summons

**Additional Comments:**
Successful Attempt 1 Jul 26, 2011 10:20 AM at 1675 Broadway 1200 Denver, CO 80202 received by The Corporation Company described as "Registered Agent for Experian Information Solutions, Inc"

Subscribed and sworn to before me by the affiant who is personally known to me.

x Frank R Bianco
Notary Public

7-26-2011    10-23-2013
Date         Commission Expires

x James Allbee    7-26-2011
                  Date

Metro Intelligence Agency
PO Box 621312
Littleton, CO 80162-1312
(720) 318-1503



Job 30383

ServeManager

# AFFIDAVIT OF SERVICE

| County: Denver, CO | Court: District | Case #: 11CV5236 | Reference #: |
|---|---|---|---|
| Plaintiff(s): Gabe McFarland | | Defendant(s): TransUnion Corporation, Equifax Information Services, Experian Information Solutions, Inc | |
| Received by: Metro Intelligence Agency | | For: Evans & McFarland | |
| To be served upon: The Corporation Company | | | |

I, James Allbee, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein:

**Recipient Name & Address:** The Corporation Company 1560 Broadway 2090 Denver, CO 80202

**Manner of Service:** Registered Agent on Tue, Jul 26 2011 at 10:20AM

**Documents:** Civil Cover Sheet, Complaint, and Summons

**Additional Comments:**
Successful Attempt 1 Jul 26, 2011 10:20 AM at 1560 Broadway 2090 Denver, CO 80202 received by The Corporation Company described as "Registered Agent for Trans Union Corporation "

Subscribed and sworn to before me by the affiant who is personally known to me.

X Frank R Bianco
Notary Public

7-26-2011  10-23-2013
Date  Commission Expires

James Allbee  7-26-2011
Date

Metro Intelligence Agency
PO Box 621312
Littleton, CO 80162-1312
(720) 318-1503

[Notary Seal: FRANK R. BIANCO NOTARY PUBLIC STATE OF COLORADO]

Job 30381

This document was generated by ServeManager™, a ServeNow.com® Software Solution.
Copyright 2009 ServeNow.com. All Rights Reserved.

| | |
|---|---|
| Denver District Court<br>Denver County, Colorado<br>Court Address: 1437 Bannock St., Rm. 256, Denver, CO 80202 | |
| M GABRIEL MCFARLAND<br>Plaintiff(s)<br>v.<br>TRANS UNION et al<br>Defendant(s) | EFILED Document<br>CO Denver County District Court 2nd JD<br>Filing Date: Jul 27 2011 12:01PM MDT<br>Filing ID: ▲ COURT USE ONLY ▲<br>Review Clerk: Leanne Youn Galanti<br><br>Case Number: 2011CV5236<br>Courtroom: 368 |

## DELAY REDUCTION ORDER

I. All civil courtrooms are on a delay reduction docket. Deadlines that must be met are:

1. <u>Service of Process</u>: Returns of Service on all defendants shall be filed within 60 days after the date of the filing of the complaint.

2. <u>Default Judgment</u>: Application for default judgment shall be filed within 30 days after default has occurred.

3. <u>Trial Setting</u>: Plaintiff shall serve a Notice to Set in the case for trial and shall complete the setting of the trial within 30 days from the date the case becomes at issue. A case shall be deemed "at issue" when all parties have been served and have filed all pleadings permitted by C.R.C.P. 7, or defaults or dismissals have been entered against all non-appearing parties, or at such other time as the court shall direct.

The court will consider extending these time periods upon timely filing of a motion showing good cause.

IF AN ATTORNEY OR <u>PRO SE</u> PARTY FAILS TO COMPLY WITH PART I OF THIS ORDER, THE COURT MAY DISMISS THE CASE WITHOUT PREJUDICE. THIS ORDER SHALL BE THE INITIAL NOTICE REQUIRED BY RULE 121, SECTION 1-10, AND RULE 41(B)(2).

II. Plaintiff shall send a copy of this order to all other parties who enter an appearance.

III. Any attorney entering an appearance in this case who is aware of a related case is ordered to complete and file in this case an Information Regarding Related Case(s) form available at **http://www.courts.state.co.us/Courts/County/Index.cfm?County_ID=3** or in Room 256 of the City and County Building.

Date: July 27, 2011

BY THE COURT:

/s/Norman D. Haglund
District Court Judge
Denver District Court

cc: Plaintiff(s) or Plaintiff(s) Counsel