**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

Civil Action No: 1:11-cv-02097-REB-KMT

M. GABRIEL MCFARLAND,

    Plaintiff,

    -vs-

TRANS UNION, EQUIFAX, and
EXPERIAN INC.,

    Defendants.

## DEFENDANT EQUIFAX'S ANSWER TO COMPLAINT

Defendant, Equifax Information Services LLC ("Equifax"), incorrectly identified in the Complaint as "Equifax," files its Answer and Defenses to Plaintiff's Complaint as follows:

### PRELIMINARY STATEMENT

In submitting its Answer and Defenses to the Complaint, Equifax denies all allegations contained in the unnumbered paragraphs and headings in the Complaint, and specifically denies any allegations in the Complaint that have not been otherwise specifically addressed herein, including any legal conclusions to which a response may be required. In response to the specific enumerated paragraphs in the Complaint, Equifax responds as follows:

### ANSWER

1. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 and, therefore, denies those allegations.

2. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 and, therefore, denies those allegations.

2

3. Equifax admits that Equifax Information Services LLC is a consumer reporting agency as that term is defined by the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq*., and is incorporated in Georgia with its principal place of business in Atlanta, Georgia.

4. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 and, therefore, denies those allegations.

5. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 and, therefore, denies those allegations.

6. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 and, therefore, denies those allegations.

7. Equifax denies the allegations in Paragraph 7 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 7 and, therefore, denies those allegations.

8. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 and, therefore, denies those allegations.

9. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 and, therefore, denies those allegations.

10. Equifax denies the allegations in Paragraph 10 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 10 and, therefore, denies those allegations.

11. Equifax denies the allegations in Paragraph 11 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 11 and, therefore, denies those allegations.

12. Responding to the allegations in Paragraph 12, Equifax admits that it sent Plaintiff a letter dated January 5, 2011 advising him that Compass Bank verified that the disputed account number *** 7721 was accurately reporting on his credit file as closed with a late payment. Equifax denies the remaining allegations in Paragraph 12.

13. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 and, therefore, denies those allegations.

14. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 and, therefore, denies those allegations.

15. Equifax denies the allegations in Paragraph 15 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 15 and, therefore, denies those allegations.

16. Equifax denies the allegations in Paragraph 16 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 16 and, therefore, denies those allegations.

17. Equifax restates and incorporates its responses to the preceding allegations as though fully set forth herein.

18. Equifax denies the allegations in Paragraph 18 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 18 and, therefore, denies those allegations.

19. Equifax denies the allegations in Paragraph 19 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 19 and, therefore, denies those allegations.

20. Equifax restates and incorporates its responses to the preceding allegations as though fully set forth herein.

21. Equifax denies the allegations in Paragraph 21 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 21 and, therefore, denies those allegations.

22. Equifax denies the allegations in Paragraph 22 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 22 and, therefore, denies those allegations.

23. Equifax denies the allegations in Paragraph 23 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 23 and, therefore, denies those allegations.

24. Equifax denies that Plaintiff is entitled to any of the relief set forth in his Prayer for Relief.

## DEFENSES

Without assuming the burden of proof where it otherwise rests with Plaintiff, Equifax pleads the following defenses to the Complaint:

## FIRST DEFENSE

Plaintiff's Complaint fails, in whole or in part, to state a claim against Equifax upon which relief can be granted.

## SECOND DEFENSE

Plaintiff's damages, if any, were not caused by Equifax, but by other persons or entities for whom or for which Equifax is not responsible.

**THIRD DEFENSE**

At all times relevant herein, Equifax maintained reasonable procedures in its handling of Plaintiff's consumer credit file.

**FOURTH DEFENSE**

Equifax has complied with the Fair Credit Reporting Act in its handling of Plaintiff's credit file, and is entitled to each and every defense stated in the Act and any and all limitations of liability.

**FIFTH DEFENSE**

Plaintiff has not sustained any damages.

**SIXTH DEFENSE**

Plaintiff's damages, if any, are caused by his own acts or omissions, or the acts or omissions of third parties other than Equifax.

**SEVENTH DEFENSE**

Plaintiff has not alleged any injury in fact.

**EIGHTH DEFENSE**

Plaintiff failed to mitigate his damages.

**NINTH DEFENSE**

Plaintiff's claim for punitive damages is barred or limited by the provisions of 15 U.S.C. §1681n.

**TENTH DEFENSE**

Plaintiff's Complaint seeks the imposition of punitive damages. Equifax adopts by reference the defenses, criteria, limitations, standards and constitutional protections mandated or provided by the United States Supreme Court in the following cases: BMW v. Gore, 517 U.S.

559 (1996); Cooper Indus., Inc. v. Leatherman Tool Group, Inc., 532 U.S. 923 (2001) and State Farm v. Campbell, 538 U.S. 408 (2003).

**ELEVENTH DEFENSE**

Plaintiff cannot establish the standard of willfulness under the Fair Credit Reporting Act as articulated by the Supreme Court in Safeco Insurance Co. of America v. Burr, 127 S. Ct. 2201 (2007).

**TWELFTH DEFENSE**

Equifax denies each and every averment of Plaintiff's Complaint not specifically admitted in this Answer.

**THIRTEENTH DEFENSE**

Equifax reserves the right to plead additional defenses that it learns of through the course of discovery.

**WHEREFORE**, having fully answered or otherwise responded to the allegations contained in Plaintiff's Complaint, Equifax prays that:

(1) Plaintiff's Complaint be dismissed in its entirety and with prejudice, with all costs taxed against Plaintiff;

(2) That Equifax be dismissed as a party to this action;

(3) That this lawsuit be deemed frivolous and Equifax recover from plaintiff its expenses of litigation, including but not limited to attorneys' fees pursuant to 15 U.S.C. § 1681n(c) and 15 U.S.C. § 1681o(b); and

(4) That Equifax recover such other and additional relief, as the Court deems just and appropriate.

Respectfully submitted this 17th day of August, 2011.

                SNELL & WILMER L.L.P.

                */s/ Brian P. Gaffney*
                By: Brian P. Gaffney
                    1200 Seventeenth Street
                    Tabor Center, Suite 1900
                    Denver, Colorado  80202
                    Tel: (303) 634-2000
                    Fax: (303) 634-2020
                    Email: bgaffney@swlaw.com

                ***Attorney for Defendant Equifax Information Services LLC***

13583296.1

8

## CERTIFICATE OF SERVICE

This is to certify that on the 17th day of August, 2011, a true and correct copy of the above and foregoing document has been electronically filed with the foregoing Clerk of the Court using the CM/ECF system which will send notification of such filing to the following counsel and/or a copy is mailed via U.S. Mail, postage prepaid and properly addressed to those individuals who are non-CM/ECF participants:

M. Gabriel McFarland
Evans & McFarland LLC
910 13th Street, Suite 200
Golden, CO  80401  (CM/ECF)

Paul W. Sheldon
Strasburger & Price, LLP-Frisco
2801 Network Boulevard  #600
Frisco, TX 75034-1872   (CM/ECF)

Clifton J. Latiolais , Jr.
Campbell, Latiolais & Ruebel, P.C.
825 Logan Street
Denver, CO 80203-3114  (CM/ECF)

*s/Sharon Burkhalter*
Sharon Burkhalter

13583296.1